No. 28,436.

JESSE YANTISS, *Appellee,* v. SI R. DAGUE, doing business as THE DAGUE UNIVERSITY, *Appellant.*

(274 Pac. 1111.)

Opinion filed March 9, 1929.

*Z. Wetmore* and *George M. Ashford,* both of Wichita, for the appellant.
*John B. Bryant,* of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover the purchase price of a scholarship in a business college operated by the defendant, known as the Dague Business University. Plaintiff prevailed, and the defendant appeals. The facts are substantially as follows:

A representative of the Dague Business University solicited the plaintiff (and plaintiff's father for plaintiff) to attend the Dague school. A contract resulted which in part reads:

"This contract made and entered into this 19th day of September, 1924, at Wichita, Kansas, by and between the Dague Business University and Mr. Judson Yantiss, the parent of Jesse Yantiss, hereinafter referred to as student:

"Witnesseth: That for and in consideration of the sum of two hundred eighty and no/100 dollars, the Dague Business University agrees to instruct said student through the home study department, or at the university, or both, for a period of life from this date in the combined course as taught by said university. This course subject to 20 per cent discount if paid in cash. . . . Books for said course being extra, and cost $17 cash, or they may be sent C. O. D. to your postmaster.

"The student agrees to perform faithfully all work required by the University in a painstaking and thorough manner, and it is understood and agreed that in order to accomplish the work of this course it is necessary that the student send to the university for correction an average of two lessons a week, or more, in each of the above mentioned subjects.

"It is also understood and agreed that the student must finish the work consecutively and in order, and that the branches of the second division will not be started until the student has finished the branches of the first division and obtained an average grade of not less than 85 per cent.

"During the study of the subject of typewriting, mentioned in the second

division of subjects taught, the student shall be furnished for his own use, in his own home, for a period of five months a standard keyboard typewriter, which typewriter shall remain the property of the Dague University, and shall be properly boxed, directed and returned by the student to the express office at Long Island, Kan., immediately upon expiration or completion of the second division of the course. In case the student fails to return the machine promptly as agreed he shall pay therefor a rental of five dollars a month, payable strictly in advance. The university pays express both ways on typewriter, but does not attempt to make delivery beyond railway depot.

. "It is agreed by the university that when said student shall have finished the work required for this course, shall have attained a grade of 85 per cent or better, he shall be furnished without further charge a diploma of graduation and shall receive the free aid of the university in obtaining a position. Said student shall at all times have free access to our employment bureau.

"Our standards for grading are those fixed by the U. S. Civil Service Commission. On shorthand: 80 words a minute, 70 per cent; 100 words per minute, 80 per cent; 120 words per minute, 90 per cent; 140 words per minute, 100 per cent. Typewriting: 60 words per minute from manuscript, perfect work, 100 per cent.

"And it is further agreed that should said university for a space of ninety days after graduation, be unable to place said student in a position with a reliable business concern, then the university will upon demand refund to the said student the entire amount of tuition hereon paid.

"It is agreed that the above provisions have been duly considered by both parties and that no further conditions of any kind whatever exist under it. This contract is not subject to cancellation, but in case of illness, and all payments have been made hereon, the university will upon application in writing issue a certificate for all unused time. This shall be transferable, student having the right to dispose of to one desiring like work.

"Keep this contract. Refer to it frequently.

"To this agreement witness our signatures in duplicate the place and date first above named. DAGUE BUSINESS UNIVERSITY,

By OLEN GLAZE,

J. C. YANTISS, *Parent.*

Student, Jesse Yantiss. ·Town, Long Island. State, Kansas.

Associate student, at one-half price: Name (any member of family).

Books, $17.

Student represents that he is 19 years of age."

The plaintiff was nineteen years old at the time the contract was made. He attended the Dague University for a few weeks, ran out of funds, decided to quit, and demanded the return of what he termed the unused portion of his scholarship. He testified that the check given for his scholarship (tuition) was out of his own money, earned by his own efforts; that he tried to stop payment on the check the next day after he had given it, but that the check had

already been cashed; that he attended Dague Business University for two months, in January and February, 1925, but did not attend or receive any instruction after he arrived at the age of twenty-one. Fourteen months after reaching majority he filed this action to rescind the contract and recover the amount he had paid, less an amount he estimated the school was entitled to for the time he had attended.

The court concluded that while the father signed the contract it was one between the university and the student, and the plaintiff was entitled to recover. Several reasons are advanced by the defendant why the plaintiff should not prevail, the first of which, we think, will dispose of the controversy. It is contended that the student was required only to "perform faithfully all of the work required by the university, in a painstaking and thorough manner"; and that other than this the contract was one between the father and the school. On the other hand, the plaintiff argues that whether the contract was between the university and the parent or the university and the plaintiff (student) was one of fact, and that the trial court having found that the contract was between the university and the plaintiff, the defendant is bound thereby. The contract was in writing, and therefore one which can as readily be passed upon by this court as by the trial court. We think there are several provisions in it which indicate that it was the intention of the university to deal directly with the parent and not with the minor. In fact, it may be suggested that the university dealt with the parent because the plaintiff was a minor at the time and that there was no other way that the university and the parent could provide a means of education for the minor. It may be observed that the contract provided that any member of the family of the parent, J. C. Yantiss, might become an associate student at one-half price. This stipulation, as well as others in the contract, was undoubtedly intended to be enforceable by the parent. If the university had refused to receive another member of the family of J. C. Yantiss under the terms specified therein, J. C. Yantiss would have had action for the breach of the contract. The form of the contract and place for signatures in the lower right-hand corner, is the usual and ordinary place where contracts are signed. It is argued by the plaintiff that if the contract was one with the father instead of plaintiff, that the plaintiff would have been under no obligation to have paid the

money thereon, and that alone would be sufficient reason why plaintiff should recover back what he had paid. We think the answer to this contention is that the plaintiff furnished the money that was paid on the contract between the father and the university, and if any cause of action existed in favor of the plaintiff for having so done it would be against the father.

The contract provided that the student might receive instruction at his home. Under the circumstances it was hardly a sufficient excuse to contend that the plaintiff was required to abandon attendance at the university because of lack of funds. It was also for the period of his life, so that he might take up the courses thereunder at any time.

The conclusion at which we have arrived renders unnecessary a discussion of the other propositions urged in the briefs.

The judgment is reversed and the cause remanded with instructions to render judgment for defendant.